## HUGHBANKS v. BROWNING.

*Uniform Sales Act — Purpose and scope — Section 8448, General Code — Specific performance — Court may order delivery of specific goods, when — Defense by seller — Goods damaged by storm — And condition not as per contract.*

1. The Uniform Sales Act was passed for the purpose of codifying and declaring in statutory form the common law as it then existed in this and other states, and also to modify and extend it where necessary or proper, to provide a uniform law of sales that would be common to all states adopting it.

2. Under Section 8448, General Code, which gives a court of equity power to decree specific performance of a contract to deliver specific or ascertained goods, the trial court has the power to decree an enforcement of the sale, where the purchaser demands that sort of relief and the court finds it to be equitable and proper.

3. It is no defense to an action to compel the delivery of a specific ascertained crop of tobacco to allege that because of injury to the tobacco by a storm it does not meet the terms of the contract as to its condition, where the buyer is willing to take it and pay the agreed price.

(Decided November 3, 1917.)

ERROR: Court of Appeals for Butler county.

*Mr. W. A. Hicks; Mr. J. C. Slayback* and *Mr. D. P. Wayne,* for plaintiff in error.

*Mr. M. W. Manaman; Mr. L. L. Manson* and *Messrs. Andrews & Andrews,* for defendant in error.

BY THE COURT. This case involves the construction of Section 8448, General Code, as to the power of a court of equity to decree specific performance of a contract to deliver specific or ascertained goods. This section of the General Code

is Section 68 of the Uniform Sales Act, passed
May 9, 1908, to take effect January 1, 1909 (99
O. L., 413). Section 8448, General Code, is as
follows:

"When [where] the seller has broken a con-
tract to deliver specific or ascertained goods, a
court having the powers of a court of equity may,
if it thinks fit, on the application of the buyer,
by its judgment or decree direct that the contract
shall be performed specifically, without giving
the seller the option of retaining the goods on pay-
ment of damages. The judgment or decree may
be unconditional, or upon such terms and condi-
tions as to damages, payment of the price and
otherwise, as to the court may seem just."

The Uniform Sales Act was passed for the
purpose of codifying and declaring in statutory
form the common law as it then existed in this
and other states, and also to modify and extend it
where necessary or proper, to provide a uniform
law of sales that would be common to all states
adopting the same.

While it is true that courts of equity have here-
tofore as a general rule refused to decree specific
performance of contracts for the sale of chattels,
where compensation could be made in damages,
and the parties have been left to their remedy at
law, there are many cases where such contracts
were enforced, usually depending upon the nature
of the property sold, and specific performance was
allowed to enforce the sale of personal property
of peculiar or extraordinary character, such as
heirlooms, slaves, vessels, and in numerous other
instances. In modern days there has been a

tendency, outside of statute, to widen this jurisdiction of courts of equity in specifically enforcing contracts for the sale of personal property. It is said by Judge Story in his work on Equity Jurisprudence (14th ed.), Section 994:

"The truth is, that upon the principles of natural justice Courts of Equity might proceed much farther and might insist upon decreeing a specific performance of all bona fide contracts, since that is a remedy to which Courts of Law are inadequate. * * * for it is against conscience that a party should have a right of election whether he would perform his covenant or only pay damages for the breach of it. But on the other hand there is no reasonable objection to allowing the other party who is injured by the breach to have an election either to take damages at law or to have a specific performance in equity, the remedies being concurrent but not co-extensive with each other."

Interesting and instructive briefs have been filed by both sides upon the history and state of the law on this question, but for the purposes of this case it seems to be unnecessary for the court to enter upon any discussion, and it is sufficient to merely say that the language of this section of the law, as we now find it, clearly gives to the trial court the power to decree an enforcement of the sale, where the purchaser demands that sort of relief and the court finds it to be equitable and proper.

In this case the court below entered a decree requiring the defendant to deliver a specific ascertained crop of tobacco, which had been sold to the

plaintiff at a specified price, and declined to entertain the defense made by the defendant that because of injury by a storm the tobacco would not meet the terms of the contract as to its condition,— evidently finding that if the plaintiff was willing to take it in its damaged condition, and to pay the price asked, defendant had no cause to complain on that account.

A review of the record fails to disclose any error to the prejudice of plaintiff in error, and the judgment is therefore affirmed.

*Judgment affirmed.*

JONES, P. J., GORMAN and HAMILTON, JJ., concur.